IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00222 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | MODIFICATION OF PRESENTENCE |
| vs. | ) | INVESTIGATION REPORT |
| | ) | |
| JOHN CERIZO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR MODIFICATION
OF PRESENTENCE INVESTIGATION REPORT

Defendant John Cerizo moves for an order modifying his Presentence Investigation Report. This court denies the motion.

Cerizo pled guilty to twelve counts relating to alleged wire fraud. This court sentenced him to a 57-month prison term, followed by 3 years of supervised release. At the time of sentencing, the court recommended that Cerizo be placed in the Bureau of Prisons' 500-Hour Comprehensive Substance Abuse Program.

Cerizo says that the BOP has determined that he is not eligible for the 500-hour program and that he consequently is not eligible for the early release that persons completing that program may receive. Cerizo now seeks to have stricken from his PSR a reference to his alcohol abuse, saying (1) that the reference was supposed to provide support for the court's recommendation but that he is not an alcoholic and not benefitting from the court's recommendation, and (2) that the

description of him as an alcoholic prejudices him by placing him in a bad light.

The court is concerned that Cerizo is attempting to manipulate the court record. At the time of sentencing, Cerizo did not object to the reference to his alleged alcohol abuse, apparently believing that the reference would benefit him by providing a basis for a judicial recommendation to a treatment program that might shorten his time in prison. It was only after the BOP deemed him ineligible for the treatment program that he decided the reference to alcohol abuse should be stricken. Thus, he was perfectly content with a reference to alcohol abuse when he thought it might benefit him, but is unhappy about the reference when the anticipated benefit turned out not to be forthcoming. Cerizo may not manipulate court processes and records in so opportunistic a fashion. Having deliberately waived his objection when he thought such waiver would benefit him, he may not now assert an objection.

Moreover, the records Cerizo submits do not bear out his claim that he "previously never had any alcoholism problem in his life." The records simply state that Cerizo does not meet the criteria for the 500-hour program. These records do not establish that the PSR was incorrect.

Finally, Cerizo does not demonstrate any prejudice flowing from the PSR's reference to alcohol abuse. The PSR is a

confidential document that will not be publicly disseminated or made available to friends, relatives, or prospective employers. It is not at all clear whether anyone is viewing Cerizo in a bad light as a result of the PSR's reference to alcohol abuse.

The motion is denied.

**A copy of this order should be sent to William L. Shipley, Jr., and Cerizo (#91498-022, Federal Prison Camp, 3705 West Farm Road, Lompoc, California 93436).**

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 2, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. John Cerizo; Cr. No. 04-00222 SOM;
ORDER DENYING MOTION FOR MODIFICATION OF PRESENTENCE
INVESTIGATION REPORT